UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALVIN THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10cv2226 TCM |
| | ) |
| ST. ANTHONY'S HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This employment discrimination case is before the Court[1] on the motion of St. Anthony's Hospital (Defendant) for sanctions or, alternatively, to compel responses to its first set of interrogatories and its first set of requests for production of documents.

Alvin Thurman (Plaintiff) initiated this action pro se on November 29, 2010, by filing a complaint alleging that Defendant had violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000(e) to 2000e(17), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., by terminating him based on allegations of sexual harassment but really because of his race and in retaliation for being promoted to a supervisory position. (Compl. at 4-5.)  Plaintiff's last filing was on December 6, 2010.

On January 10, 2011, the Court entered an order setting the case for a Rule 16 scheduling conference on February 15 and directed the parties to confer and file a joint scheduling plan on or before February 8.  On February 7, the Court reset the scheduling

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties.  See 28 U.S.C. § 636(c).

conference for February 24 at 9 o'clock in the morning and reset the deadline for the filing of the joint scheduling plan to February 18.  On that day, Defendant advised the Court that its counsel had attempted to contact Plaintiff by telephone and letter about a joint scheduling plan, had had no response, and was submitting its own proposed scheduling plan without his input.

Plaintiff failed to appear for the Rule 16 conference, to request its continuance, or to otherwise contact the Court.  Consequently, the Court entered a case management order without his input.  This order set a deadline of May 1, 2011, for disclosures required by Federal Rule of Civil Procedure 26(a)(1).  The Court also expressly warned Plaintiff "that any future failure to comply with a Court order will result in the dismiss of his case without prejudice and **without future notice**."  (Doc. 20, Order of Feb. 25, 2011.)

Defendant sent Plaintiff its Rule 26(a)(1) disclosures on May 3.  (See Def. Ex. B.) On August 19, it sent Plaintiff its first set of interrogatories and its first set of requests for production of documents.  (See Def. Exs. C and D.)  On June 30, Defendant's counsel sent Plaintiff a letter requesting that he contact him to discuss his responses to the discovery requests and that he submit his Rule 26(a)(1) disclosures.  (See Def. Ex. E.)  On August 19, Defendant filed the instant motion.  On August 25, the Court set the motion for a hearing on September 7.  Plaintiff failed to appear at the hearing, or to otherwise contact the Court or opposing counsel.  Defendant appeared by counsel and informed the Court that he has had no communication from Plaintiff since being served by a deputy United States Marshal with the complaint and despite having written Plaintiff and tried four to five times to contact him by telephone.

It is well-established that Plaintiff's pro se status does not excuse him from complying with court rules and directives.  See **Bennett v. Dr Pepper/Seven Up, Inc.**, 295 F.3d 805, 808 (8th Cir. 2002); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Carman v. Treat**, 7 F.3d 1379, 1381 (8th Cir. 1993).  An action may be dismissed for "failure to comply with any court order," see Fed.R.Civ.P. 41(b), or on the court's own initiative.  **Am. Inmate Paralegal Assoc. v. Cline**, 859 F.2d 59, 61 (8th Cir. 1988); **Brown v. Frey**, 806 F.2d 801, 803 (8th Cir. 1986).  This Court's "exercise of this power is within the 'permissible range of its discretion' if there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" **Id.** (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)).  In determining whether to exercise its power, the Court considers the degree of egregious conduct and "'the adverse impact of such conduct upon both the defendant and the administration of justice in [this Court].'" **Smith v. Gold Dust Casino**, 526 F.3d 402, 405 (8th Cir. 2008) (quoting Rodgers v. Curators of the Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)).  The Court must also "'distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a marginal failure to meet pleadings or other deadlines.'" **In re Guidant Corp. Implantable Defibrillators Prods. Liability Litig.**, 496 F.3d 863, 867 (8th Cir. 2007) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).  "[T]he sanction imposed . . . must be proportionate to the litigant's transgression." **Rodgers**, 135 F.3d at 1219.

Having filed his complaint, Plaintiff has taken no other step in the ensuing litigation. Specifically, he has failed to appear at two hearings, to comply with the Court's order to

confer with Defendant about a joint scheduling plan and comply with the Court's case management order directing that he made the required voluntary disclosures, and to respond to Defendant's discovery requests.  His lack of participation has continued in the face of being expressly warned that a failure to comply with a Court order will result in the dismissal of his case without prejudice.

Plaintiff having left the Court no choice,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions is **GRANTED** insofar as this action is DISMISSED without prejudice for failure to comply with a Court order.  [Doc. 21]

An appropriate Order shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of September, 2011.